**FILED**

**DEC 3 1 2018**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD THOMAS KENNEDY,                        )
                                              )
              Plaintiff,                      )
                                              )
       v.                                     )    Civil Action No.  18-2757 (UNA)
                                              )
UNITED STATES COURT OF APPEALS                )
FOR THE FEDERAL CIRCUIT, *et al.*,            )
                                              )
              Defendants.                     )

### MEMORANDUM OPINION

On November 5, 2018, the United States Court of Appeals for the Federal Circuit
dismissed two cases Plaintiff had brought in that court. *See Kennedy v. Commonwealth of
Pennsylvania*, No. 18-2378 (Ct. Fed. Claims Nov. 5, 2018); *Kennedy v. Getz*, No. 18-2368 (Ct.
Fed. Claims Nov. 5, 2018).  According to Plaintiff, Chief Judge Prost and Clerk of the Court
Marksteiner have caused him harm, *see* Compl. ¶¶ 6–8, for which he demands monetary
damages, *see id.* ¶¶ 13–14, 47–48, and other relief.

Chief Judge Prost enjoys absolute immunity from liability for damages for acts taken in
her judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is
an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435
U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if
his [decision] was in error").  Without question, a judge's dismissal of a civil action is an action
taken in her judicial capacity. *See Berger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1
(D.C. Cir. Nov. 20, 2001) (per curiam); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014),
aff'd, No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015).  Absent any showing by
plaintiff that the judge's "actions [were] taken in the complete absence of all jurisdiction,"

*Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), she is "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

Plaintiff also seeks a "declaratory judgment" that defendants acted "arbitrarily and capriciously" and a permanent injunction barring defendants from "interfering in any way with [his] lawful rights." Compl. ¶¶ 49, 52. His complaint, nevertheless, fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (holding that, although *pro se* litigants are held to less stringent standards, they must comply with the Federal Rules of Civil Procedure). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted to allow defendants to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1997). Here, Plaintiff has failed to plead any factual allegations substantiating his entitlement to a declaratory judgment and injunctive relief.

Accordingly, the Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2018

*Ranld O. Moss*

United States District Judge